BENJAMIN O. ANNESS *vs.* THE CITY OF PROVIDENCE.

Gen. Stat. R. I. cap. 60, § 38, gives to an abutting owner injured by the change of grade
of a highway a remedy for the injury suffered if his claim for compensation is made to the
town council "within forty days after such grade shall have been completed."
*Held,* that if the claim is not made within said forty days the claimant's remedy is lost.
*Held,* further, that the town council cannot extend the statutory time of forty days.
Hence, when a town council considered and acted on such a claim made after the expiration
of said forty days:
*Held,* that the action of the town council was *ultra vires* and void.
Statutory remedies when exclusive are strictly limited by statutory conditions.

EXCEPTIONS to the Court of Common Pleas.

*April* 3, 1880.  DURFEE, C. J.  This is a proceeding for dam-
ages under Gen. Stat. R. I. cap. 60, § 38.  The section provides

---

that " whenever any abutting owner shall deem himself to be injured by any change in the grade of a highway, and such owner shall make claim for compensation for such injury to the town council within forty days after such grade shall have been completed," the town council shall proceed in the manner there prescribed to agree with him for the damages, or, if it cannot agree with him, to appraise the damages, with right of appeal on his part.

At common law no damages are recoverable for such a change of grade by the abuttor, however much he may be injured by it, and in this State there is no other statute giving damages to him than that which we have cited. An abuttor who claims damages, therefore, must claim them under the statute and as the statute gives them. To be entitled to have his claim acted on, he must make it within forty days after the grade has been completed. If he lets the forty days go by without making it, he no longer has any claim under the statute, and consequently no longer has any legal claim at all. And the right of the abuttor to make the claim, and the jurisdiction of the town council to agree with him for his damages or appraise them, are precisely commensurate, being created by the same words. As the abuttor cannot make the claim except under the statute, so the town council cannot act on the claim except under the statute. The town council can no more act on the claim than the abuttor can make it after the forty days have expired. The town council cannot extend the time by waiver or consent, for it has only the authority given it by the statute, which does not include any power to extend the time in any manner. It follows that an adjudication of such a claim by a town council, if the claim is not made within the forty days, is without authority and void.

This view, if correct, is decisive of the case at bar. The injury complained of resulted from a change of grade in Orms Street, in the city of Providence. The change of grade was completed in November, 1872. The claim was presented to the board of aldermen, which in the city of Providence has the powers of a town council, June 30, 1873, seven months after the change was completed. The board of aldermen, however, acted on the claim, and awarded damages to the amount of $700.00, from which award an

appeal was taken by the abuttor to the Court of Common Pleas. In the Court of Common Pleas, the city solicitor, for the city of Providence, requested the court to charge the jury that the board of aldermen had no jurisdiction of the proceeding originally, and the Court of Common Pleas none by appeal, which request the court refused, but did charge that the jurisdiction existed, the board having waived the defect by acting on the claim. The instruction was, of course, erroneous, and, having been excepted to, the exception must be sustained. The more proper request for the city, however, would have been a request to dismiss the proceeding for want of jurisdiction. This, if made, there being no question that the forty days had expired before the claim was made, ought to have been granted. But as this is apparent from the record, it is for us under the statute, Gen. Stat. R. I. cap. 209, § 18, to do what ought to have been done by the court below. The exception is therefore sustained, and the proceeding dismissed for want of jurisdiction.

*Exceptions sustained, and proceedings dismissed.*

*Ziba O. Slocum*, for plaintiff.

*Nicholas Van Slyck*, City Solicitor, for defendant.